IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM D. COLLINS<br>120 Lovell Lane<br>Arnett, WV 25007 | : <br> : <br> : <br> : | CIVIL ACTION |
| Plaintiff | : <br> : <br> : | NO. |
| v. | : <br> : | |
| NORFOLK SOUTHERN<br>RAILWAY COMPANY<br>Three Commercial Place<br>Norfolk, VA 23514 | : <br> : <br> : <br> : <br> : | <u>JURY TRIAL DEMANDED</u> |
| Defendant | : | |

<u>COMPLAINT</u>

1. This suit is governed by the Federal Employers' Liability Act (FELA), 45 U.S.C. Sec. 51, et seq., which Act grants this Court jurisdiction over this action.

2. The Plaintiff, William D. Collins, is a competent adult individual, whose address is 120 Lovell Lane, Arnett, West Virginia 25007.

3. The Defendant, Norfolk Southern Railway Company (Norfolk Southern), is a corporation organized and existing under the laws of the Commonwealth of Virginia, doing business at and whose address for service of process is Three Commercial Place, Norfolk, Virginia 23514.

4. At all times relevant hereto, Defendant, Norfolk Southern, was engaged in interstate commerce in and throughout several states of the United States as a common carrier by rail, and for the purpose hereof did operate locomotives, railroad cars and repair facilities, and transacted substantial business throughout Pennsylvania, West Virginia, Virginia, and other states of the United States.

5. Plaintiff has been employed by Defendant, and at all times relevant hereto was acting in the course and scope of his employment with Defendant, and was engaged in the

furtherance of interstate commerce within the meaning of said Act.

6. All of the property, equipment and operations involved in this matter were, at all times relevant hereto, owned and/or under the direct and exclusive control of the Defendant, its agents, servants and/or employees.

7. Upon beginning employment and while engaged in the course and scope of his employment with Defendant from 1977 through 1990, Plaintiff was required and caused to work with and in the vicinity of harmful and excessive amounts of asbestos, diesel fumes, silica dust, coal dust, and/or other toxic and/or pathogenic substances.

8. As a result of his exposure to asbestos, diesel fumes, silica dust, coal dust, and/or other toxic and/or pathogenic substances, Plaintiff has suffered and will continue to suffer from occupationally related injuries to his lungs and respiratory system, including but not limited to asbestosis and occupational lung disease.

9. Less than three years ago, Plaintiff discovered that he suffered from occupationally related injuries to his lungs and respiratory system, and, until such time, Plaintiff was reasonably ignorant as to same.

10. Plaintiff's injuries were directly and proximately caused in whole or part by the negligence of Defendant both generally and in the following particulars:

    a) failure to use ordinary care and caution to provide the Plaintiff with a safe place to work as required by the Federal Employers' Liability Act (FELA), 45 U.S.C. Sec. 51, et seq.;

    b) failure to provide Plaintiff with safe and suitable protective tools and equipment including adequate respiratory masks and/or protective inhalation devices;

c) failure to comply with safety and operating rules and regulations of the Defendant and/or government regulations;

d) failure to provide instructions or a method for the safe use and/or removal of toxic substances, asbestos, silica dust, coal dust, and/or other dusty or fiber containing products;

e) negligence of the Defendant's agents, servants, workmen and/or employees;

f) failure to take any effective action to reduce, modify or eliminate certain job duties or practices so as to minimize or eliminate Plaintiff's exposure to excessive and harmful amounts of asbestos, diesel fumes, silica dust, coal dust, and/or other toxic and/or pathogenic substances;

g) failure to periodically test employees such as the Plaintiff for physical effects of exposure to excessive and harmful amounts of asbestos, diesel fumes, silica dust, coal dust, and/or other toxic and/or pathogenic substances, and failing to take appropriate action, including advising the Plaintiff as to the test results;

h) failure to warn the Plaintiff of the risk of respiratory injuries as a result of exposure to excessive and harmful amounts of asbestos, diesel fumes, silica dust, coal dust, and/or other toxic and/or pathogenic substances;

i) failure to test said products and/or materials prior to requiring employees to work with same, to determine their hazardous nature;

j) failure to inquire of the suppliers of said products and/or materials of the hazardous nature of same;

k) requiring employees to work with and around hazardous products and/or materials;

l) failure to exercise adequate, if any, care for the health and safety of employees, including the Plaintiff;

m) negligence at law; and,

n) otherwise failing to exercise due and adequate care under the circumstances.

11. As a direct and proximate result, in whole or in part, of one or more of the foregoing negligent acts or omissions on the part of Defendant, Plaintiff has suffered and will continue to suffer respiratory injuries, including but not limited to asbestosis and occupational lung disease, that will be permanent and progressive.

12. As a direct and proximate result, in whole or in part, of one or more of the foregoing negligent acts or omissions on the part of Defendant, Plaintiff has been and may continue to be required to receive and undergo medical treatment and medical care, and has incurred and will continue to incur medical expenses, cost of breathing aids and devices and other expenses in loss and damages due to his respiratory injuries.

13. As a direct and proximate result, in whole or in part, of one or more of the foregoing negligent acts or omissions on the part of Defendant, Plaintiff has sustained pain, suffering, inconvenience, stress, fear of cancer, and a loss of enjoyment of life, past, present and future.

WHEREFORE, Plaintiff, William D. Collins, demands judgment against the Defendant, Norfolk Southern Railway Company, in a sum in excess of ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00) and the costs of this action.

                LAW OFFICE OF THOMAS J. JOYCE, III

Date: October 2, 2008

BY: *TJJ3455*
     THOMAS J. JOYCE, III
     900 Centerton Road
     Mount Laurel, NJ 08054
     (856) 914-0220
     Attorney for Plaintiff